**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**,<br>**v.**<br>ARIEL GUTIÉRREZ-RODRÍGUEZ [2],<br>**Defendant**. | **Criminal No.** 20-019 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Ariel Gutiérrez-Rodríguez ("Gutiérrez")'s motion for severance of his trial from the trial of defendant Julia Beatrice Keleher ("Keleher"). (Docket No. 86.) As set forth below, Gutiérrez's motion is **DENIED**.

## I. Gutiérrez's Motion

Gutiérrez argues that severance is necessary to protect his rights and prevent juror confusion. Id. at p. 1. He raises a risk of spillover prejudice from evidence concerning Keleher's compliance with her ethical obligations. Id. at pp. 7–8. Gutiérrez also notes that the government has not indicated whether it will introduce evidence concerning the allegations against Keleher in Criminal No. 19-431 or her other prior bad acts. (Docket No. 86 at p. 9; Docket No. 119 at pp. 4–5.) Gutiérrez is also concerned that public sentiment and pretrial media coverage

about Keleher, together with what he views as the government's likely arguments at trial, risk the jury finding him guilty by association. (Docket No. 86 at p. 9); see id. at pp. 2–5 (discussing public sentiment and pretrial media coverage antagonistic to Keleher). He notes that those risks compound each other because Keleher's alleged ethical breaches and much of the public sentiment and pretrial media coverage relate to Keleher's time as Secretary of Education. (Docket No. 119 at p. 4.) Gutiérrez warns that those same considerations could also cause juror confusion. (Docket No. 86 at p. 11.) He considers the danger of spillover prejudice, guilt by association, and juror confusion especially likely to cause harm because the only charge against both him and Keleher is a conspiracy count. Id. at p. 10.

By severing his trial from Keleher's trial, Gutiérrez suggests the Court will allow the jury to focus on the issues relevant to him. (Docket No. 119 at p. 3.) He does not believe that limiting instructions will be sufficient to prevent prejudice against him. (Docket No. 86 at pp. 12–13.) Additionally, Gutiérrez asks for a severance to avoid the possibility that his speedy trial rights would be abridged by a delay in the joint trial to protect Keleher's rights to an impartial jury. Id. at pp. 11–12. He emphasizes his view that a typical reason for denying severance—to avoid a risk of inconsistent verdicts—is not

applicable to this case because the charges against him and Keleher logically permit one to be guilty and another not guilty. (Docket No. 86 at p. 6 n.4; Docket No. 119 at pp. 5–6.) Gutiérrez does not argue that joinder with Keleher was improper.

## II. Applicable Law

"Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (citation and internal quotation marks omitted). "[C]onsolidated trials tend to promote judicial economy, conserve prosecutorial resources, and foster the consistent resolution of factual disputes common to properly joined defendants." United States v. Josleyn, 99 F.3d 1182, 1188 (1st Cir. 1996).

The preference for joint trials is particularly applicable to this case. "[T]he presumption and common practice favor trying together defendants who are charged with crimes arising out of a common core of facts." United States v. De La Paz-Rentas, 613 F.3d 18, 23 (1st Cir. 2010). The preference "is especially strong for coconspirators who are indicted together." United States v. Jett, 908 F.3d 252, 276 (7th Cir. 2018). And "[o]verlapping evidence among defendants' offenses will weigh the balance in favor

of a joint trial." United States v. Colón-Miranda, 985 F. Supp. 36, 39 (D.P.R. 1997) (Fusté, J.).

The Federal Rules of Criminal Procedure allow severance of joined defendants where prejudice appears. Specifically, Rule 14(a) provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

It is not just any level of prejudice that suffices to merit severance. A severance request from a properly joined defendant should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. "At the trial level, defendant's burden is an exacting one: a separate trial will be ordered only upon a strong showing of prejudice. . . . Incidental prejudice, such as that which is almost always encountered when multiple defendants playing different roles are tried together, will not suffice." United States v. Martínez, 922 F.2d 914, 922 (1st Cir. 1991) (citations and internal quotation marks omitted). A defendant seeking severance "must demonstrate prejudice so pervasive that it would be likely to effect a

miscarriage of justice." United States v. De León, 187 F.3d 60, 63 (1st Cir. 1999). Severance is not appropriate merely because a defendant may have a better chance of acquittal in a separate trial. Zafiro, 506 U.S. at 540.

Severance is proper if there is a sufficient risk of evidentiary spillover or guilt by association. Spillover risks "might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." Id. at 539. Differing levels of culpability among co-defendants may give rise to spillover risks or guilt by association, id., but the mere presence of disparate culpability is not determinative, see, e.g., De La Paz-Rentas, 613 F.3d at 23–24 (affirming denial of severance where defendant only served as a bodyguard in one transaction, and other transactions introduced in evidence were more substantial). Complex cases also heighten the danger of spillover prejudice. Zafiro, 506 U.S. at 539.

A request for severance based on spillover prejudice requires a defendant to overcome a high threshold. The request "has to be based on a fact-specific serious risk of prejudice." De La Paz-Rentas, 613 F.3d at 23. A denial of a severance request may be proper "[e]ven where large amounts of testimony are irrelevant to one defendant, or where one defendant's involvement in an overall

agreement is far less than the involvement of others." United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990); see United States v. Brown, 849 F.3d 87, 93 (3d Cir. 2017); United States v. Mallett, 751 F.3d 907, 917 (8th Cir. 2014). Where evidence relating to one defendant is independently admissible in the prosecution of another defendant because of a conspiracy charge, a spillover charge is generally precluded. United States v. LiCausi, 167 F.3d 36, 49 (1st Cir. 1999). Similarly, if a jury would hear much about a topic even if a severance is granted, it may not be necessary to grant a severance to prevent the jury from hearing more about it. United States v. Dzhanikyan, 808 F.3d 97, 103 (1st Cir. 2015). Finally, limiting instructions can be "appropriate measures to safeguard against potential spillover prejudice." De León, 187 F.3d at 64; see also De La Paz-Rentas, 613 F.3d at 24 (explaining that limiting instruction served as "a partial safeguard against possible 'spillover.'").

A related argument for severance that sometimes comes up is the public's perception and the jury's view of a co-defendant. "Because of the natural tendency to infer guilt by association, a defendant may suffer by being joined with another allegedly 'bad man.'" King v. United States, 355 F.2d 700, 704 (1st Cir. 1966). The fact that a co-defendant is "unattractive to the jury," however, is not generally sufficient to warrant severance. 1A

Charles Alan Wright *et al.*, Fed. Prac. & Proc. Crim. § 224 (5th ed. 2020) [hereinafter Wright & Miller]. For instance, in Dzhanikyan, 808 F.3d at 102, the court held that there was no plain error in denying a motion for severance where the jury heard evidence of a co-defendant's "very violent activity." In United States v. Gotti, 399 F. Supp. 2d 214, 218 (S.D.N.Y. 2005), the court held that "the notoriety of the Gotti name is irrelevant to the question of severance because a searching *voir dire* and emphatic jury instructions will ensure that Gotti and his co-defendants receive a fair trial before an impartial jury." In United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996), severance was not required despite the fact that much of the evidence concerned a co-defendant's past crimes.

Another reason for severance can be a risk of juror confusion. "[A] conspiracy trial creates real and serious possibilities of confusion in the jury, which may indulge in unwarranted imputations of guilt, particularly where the evidence is complex or circumstantial and where there are many defendants." United States v. Kahn, 381 F.2d 824, 839 (7th Cir. 1967). At the same time, courts do not lightly find that a case will confuse jurors. For instance, in United States v. Tutino, 883 F.2d 1125, 1132 (2d Cir. 1989), the court held that a seven-week trial involving four defendants and four counts "was not so lengthy or massive as to

render the jury's task of sorting the evidence so difficult as to be almost impossible." Juror confusion as a basis for severance may overlap with factors giving rise to spillover prejudice or guilt by association. See 5 Wayne R. LaFave *et al.*, Criminal Procedure § 17.2(f) (4th ed. 2019) [hereinafter LaFave].

The decision on whether to grant a severance request is within this Court's discretion. De La Paz-Rentas, 613 F.3d at 23. That discretion is "considerable." De León, 187 F.3d at 63. Even if prejudice appears, district courts have discretion to decline a severance request. Zafiro, 506 U.S. at 538–39. "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Id. at 539.

**III. Discussion**

Gutiérrez's showing does not merit severance. There is no apparent serious risk that he will be denied a trial right or that the jury will be unable to judge guilt or innocence reliably. Id.

Evidentiary spillover is not a reason for severing the trials of Gutiérrez and Keleher. Gutiérrez does not disagree with the government that most of the evidence pertaining to Keleher would be admissible against him were he to be tried separately. See Docket No. 108 at p. 4 (government's assertion); Docket No. 119 at pp. 4–5 (Keleher's reply). That evidence, then, does not provide

a reason for severance. Dzhanikyan, 808 F.3d at 103; LiCausi, 167 F.3d at 49.

Gutiérrez points to two categories of evidence which he fears could spill over onto him but which may not be admissible in a separate trial—evidence concerning Keleher's alleged ethical violations and evidence concerning Keleher's prior bad acts and charges in Criminal No. 19-431. Those two categories of evidence involve matters that are distinguishable from the charges against Gutiérrez—a point he stresses. See Docket No. 86 at p. 8; Docket No. 119 at p. 4.

In similar circumstances, courts regularly employ limiting instructions to block spillover prejudice. For example, in United States v. Jones, 10 F.3d 901, 909 (1st Cir. 1993) (Fusté, J., sitting by designation), the court noted the efficacy of limiting instructions in a case with no evidence "that the jury was unable to evaluate separately and fairly [concerning] the guilt or innocence of each defendant." And in United States v. Villanova-Delgado, Crim. No. 11-222, 2011 WL 4832569, at *1 (D.P.R. Oct. 12, 2011) (Fusté, J.), the court explained that limiting instructions would be sufficient to block spillover prejudice from a video depicting sex between adults and children that was "more sexually graphic than the other videos." Even a possible risk of prejudice after limiting instructions are given is thought insufficient if

it does not rise beyond the level ordinarily existing in joint trials, including because a casual finding that limiting instructions are inadequate would "'make inroads into this entire complex code of state criminal evidentiary law, and would threaten other large areas of trial jurisprudence.'" United States v. Cartagena-Merced, 986 F. Supp. 698, 704–05 (D.P.R. 1997) (Fusté, J.) (quoting Spencer v. Texas, 385 U.S. 554, 562 (1967)).

Contrary to Gutiérrez's concerns, severance is not necessary because of the possible introduction of the two categories of evidence he identifies. Limiting instructions will be effective in blocking spillover onto him. De La Paz-Rentas, 613 F.3d at 24; De León, 187 F.3d at 64; Jones, 10 F.3d at 909; Villanova-Delgado, 2011 WL 4832569, at *1; Cartagena-Merced, 986 F. Supp. at 704–05. The evidence could constitute "large amounts of testimony" and still be insufficient to require severance. Boylan, 898 F.2d at 246; see Brown, 849 F.3d at 93; Mallett, 751 F.3d at 917.

Keleher's reputation does not create a reason for severance, either independently or together with the other factors identified by Gutiérrez. See Wright & Miller § 224. The Court will employ *voir dire*, limiting instructions, and jury instructions to be sure that both Gutiérrez and Keleher receive a fair trial before an impartial jury. Dzhanikyan, 808 F.3d at 102; Warfield, 97 F.3d at 1019; Gotti, 399 F. Supp. 2d at 218.

Finally, the risk of jury confusion here is not serious. This case involves two defendants and nine counts —a conspiracy allegation, six counts of wire fraud against Keleher, and a count of federal program bribery against Keleher and one against Gutiérrez— with factual allegations that are relatively straightforward. See Docket No. 3. As such, the circumstances of this case are not too complex for the defendants to be tried together. Tutino, 883 F.2d at 1132; cf. United States v. Shea, 750 F. Supp. 46, 50 (D. Mass. 1990) (ordering severance where case involved twenty-three defendants and fifty-seven counts). The considerations and protections described above will be sufficient to protect against juror confusion. Cf. LaFave § 17.2(f) (noting that juror confusion as a basis for severance may overlap with factors giving rise to guilt by association).

**IV. Conclusion**

For the reasons set forth above, Gutiérrez's motion for severance, (Docket No. 86,) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 20, 2020.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE